# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-14 (TJW-CE) |
| | § | |
| BOBBY JOE GRIFFIN | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On September 2, 2011, the undersigned held a final hearing on the government's petition (#31) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Jim Middleton. The defendant, Bobby Joe Griffin, was represented by Mr. Ken Hawk.

Bobby Joe Griffin was sentenced on June 22, 2004, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Use of a Facility of Interstate Commerce to Entice a Minor to Engage in Sexual Activity and Receipt of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of I, was 78 to 97 months. Bobby Joe Griffin was subsequently sentenced to 92 months of imprisonment followed by three (3) years of supervised release subject to the standard conditions of release, plus special conditions, to include 1) the defendant shall comply with federal, state, or local registration law for offenders convicted of sexual crimes. The defendant shall be responsible for any costs associated with those registration laws. Registration shall be completed within ten days after being instructed to register by the probation officer. The defendant must provide verification of registration to the probation officer within three days following registration; 2) under the guidance and direction of the U.S. Probation Office, the

defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments to determine appropriate treatment; 3) the defendant shall not have unsupervised contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; 4) the defendant shall not possess or view any images in any form of media or live venue that depicts sexually explicit conduct as defined in 18 U.S. C. Section 2256(2); 5) the defendant shall not have contact with or use devices that communicate data via modem or dedicated connection and shall not have access to the internet. The defendant shall not possess or have access to any computer except at a place of employment, in the course of his employment. Such computer shall have no modem or other internet access device accessible. The defendant shall allow the probation officer to have access to any computer to which he has access for the purpose of monitoring this condition; 6) the defendant's employment shall be restricted to the district and division where he resides and/or is supervised. Prior to accepting any form of employment, the defendant shall seek the approval of the probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community the defendant shall pose if employed in a particular capacity; and 7) the defendant is prohibited from places where minor children congregate, including, but not limited to, swimming pools, parks, playgrounds, and other such recreational areas. On December 31, 2009, Bobby Joe Griffin completed his period of imprisonment and began service of the supervision term.

On December 28, 2009, the Court modified Mr. Griffin's term of supervised release to include a special condition that he reside in a community corrections center located in Tyler, Texas, for a period of up to 180 days, or until such time as the defendant is able to establish a residence at which time the U.S. Probation Office can release him from the facility, to commence immediately.

On February 8, 2010, the Court modified Mr. Griffin's term of supervised release to include a special condition that under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a program of psychiatric services and shall comply with any medication requirements prescribed by the treatment provider. The defendant shall pay any costs associated with treatment and any prescribed psychiatric medication, as determined by the probation officer.

On June 16, 2010, the Court modified Mr. Griffin's term of supervised release to include a special condition that he reside in a Community Corrections Center or Community Sanction Center in the prerelease component for a period of up to 180 days, or until such time as the defendant is able to establish a residence at which time the U.S. Probation Office can release him from the facility, to commence immediately. While at said facility, the defendant shall abide by all the rules and regulations of the center and will not be required to pay subsistence to the Community Corrections Center or Community Sanction Center.

On December 20, 2010, the Court modified Mr. Griffin's term of supervised release to include a special condition that he reside in a Community Corrections Center or Community Sanction Center in the prerelease component for a period of up to 12 months, or until such time as the defendant is able to establish a residence at which time the U.S. Probation Office can release him from the facility, to commence immediately and run consecutive with the previously imposed 180 day community corrections center placement. While at said facility, the defendant shall abide by all the rules and regulations of the center and will not be required to pay subsistence to the Community Corrections Center or Community Sanction Center.

On August 5, 2011, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) <u>Standard</u>:  The defendant notify the probation officer ten days prior to any change of residence or employment.  Specifically, the government alleges as follows: On August 4, 2011, the County Rehabilitation Center reported to the United States Probation Office that Mr. Griffin was unaccountable and his whereabouts were unknown.

2) <u>Special</u>: Under the guidance and direction of the United States Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments to determine appropriate treatment.  Specifically, the government alleges as follows:  Mr. Griffin failed to attend the sex offender group meeting on August 4, 2011.

3) <u>Special</u>:  The defendant shall reside in a community confinement center or community corrections sanction center in the prerelease component for a period of up to 12 months. Specifically, the government alleges as follows: On August 4, 2011, the County Rehabilitation Center reported to the United States Probation Office that Mr. Griffin was unaccountable and his whereabouts were unknown.

The court scheduled a final revocation hearing for September 2, 2011.  At the hearing on the government's petition, and after consenting to the undersigned taking the plea, the defendant pled true to the allegations as set forth above.  Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the undersigned found that the defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 17 months with 12 months of supervised release to follow

such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations, as set forth in the government's petition, be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 17 months with 12 months of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its FCI-Fort Worth, Texas facility during the period of his confinement.

At the close of the September 2, 2011 revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant also waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 22nd day of September, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE